JAN 0 4 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KC **FILED**

JAN 0 4 2008

MICHAEL W. DOBBINS

RICHARD CHARTS,

                **Plaintiff,**

    v.

ABBOTT LABORATORIES,

                **Defendant.**

08CV75

JUDGE LEFKOW

MAGISTRATE JUDGE COLE

<u>Jury Trial Requested</u>

## COMPLAINT

NOW COMES Plaintiff, RICHARD CHARTS, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, ABBOTT LABORATORIES, states as follows:

## PRELIMINARY STATEMENT

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

## JURISDICTIONAL STATEMENT

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 29 U.S.C. § 621 et seq. and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.    Plaintiff, RICHARD CHARTS, is a fifty-eight (58) year-old male citizen of the United States who resides in Illinois.

5.    Defendant, ABBOTT LABORATORIES, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is an employer for the purposes of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b) as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6.    Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 21, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on November 28, 2007, which Plaintiff received on November 29, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – ADEA - AGE DISCRIMINATION

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.    Plaintiff began working for Defendant in June of 1990 as a Senior Business Systems Analyst for Corporate Purchasing and, after receiving three (3) promotions, subsequently assumed the position of Operations Manager in Global QDMS pursuant to Defendant's "I-Grade" program.

2

9.    Defendant's "I-Grade" program is designed to allow employees to take on necessary roles and tasks that they might not have undertaken otherwise, with the intention being that the employee will transition to a higher level position within two (2) years.

10.    Throughout his seventeen-and-one-half (17.5) years of employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's three (3) promotions, fifteen (15) merit-based raises, performance evaluations, and his receipt of numerous recognitions for his performance including, but not limited to, the Chairman's Award and the President's Award.

11.    During 2005, Defendant assigned Plaintiff the position of Operations Manager, a task which required Plaintiff to manage a team that operated Defendant's QDMS 2.0 global system and deployed system access to seventy (70) total locations.

12.    Throughout 2005 and 2006, Plaintiff successfully managed and implemented the QDMS 2.0 global operating system by creating new operating procedures for each activity, cultivating relationships with the applicable corporate entities, and establishing a new Operations Support Committee to make tactical decisions on priorities, scheduling, and strategies.

13.    Beginning in 2006 and continuing to the termination of his employment, Plaintiff's director, Tom Wilson, Director of Quality Systems, has treated similarly situated younger employees more favorably than Plaintiff by providing these younger employees better resources, opportunities, and holding Plaintiff to a higher standard of performance.  Examples of such disparate work conditions are detailed below.

14.    Beginning in 2006, Director of Quality Systems Wilson targeted Plaintiff in a manner not afforded to his similarly situated younger co-workers by assigning Plaintiff blame and responsibility for tasks and issues that were beyond his control.

3

15.     Following a 2006 system implementation, Plaintiff began to receive in excess of two hundred (200) emails each day from various system users experiencing technical issues or difficulties, to which Plaintiff or his group was expected to respond to in addition to their regular duties.

16.     In addition, the workload for Plaintiff's operations team increased exponentially due to an increased user base, stored documents, business assistance calls, and server capacity.

17.     In response to the increased demands on Plaintiff and his staff, Plaintiff requested additional assistance from Director of Quality Systems Wilson. Rather than approve such requests, Wilson cut Plaintiff's staff by over fifteen (15) percent.

18.     In contrast to Plaintiff, Plaintiff's younger similarly situated co-workers, including Mark Lola, received the employee support necessary to accomplish their assigned tasks.

19.     Following the substantially increased workload and forced reductions in staff, Director of Quality Systems Wilson began to target and harass Plaintiff by documenting every misstep or non-immediate reply from any system user experiencing technical issues. Despite similar or more egregious issues in other departments, Director of Quality Systems Wilson did not equally scrutinize the performance of Plaintiff's similarly situated younger co-workers, including Mark Lola and Doug Rahle.

20.     Director of Quality Systems Wilson has further denied Plaintiff the opportunity to travel to support sites, a vital task which allows for the maintenance and creation of operating relationships. Rather, Wilson allowed Plaintiff's similarly situated younger co-workers to travel to the sites, including Mark Lola and Doug Rahle, despite little or no need for Lola or Rahle to develop such relationships on-site.

21.     Director of Quality Systems Wilson has further discriminated against Plaintiff by

4

denying him career opportunities in favor of similarly situated younger co-workers or individuals.

22.     In approximately the third quarter 2006, Plaintiff applied for an open position of Document Management Program Manager within the QDMS 2.0 project. Based on his substantial experience, expertise, and thirty (30) years in systems implementation, Plaintiff was highly qualified for the position. However, rather than promote Plaintiff to the position, Defendant promoted Cindy Peterson, a substantially younger individual in her forties, to the role. In contrast to Plaintiff, Peterson lacked the necessary skills and experience in the industry, causing her to struggle with the project and eventually leading to a leave of absence of her employment.

23.     Following Cindy Peterson's departure in August 2007, Plaintiff again applied for the position of Document Management Program Manager. Once again, rather than promote Plaintiff, an individual with substantial expertise and experience on the project, Defendant hired Patricia Pierson (approximately 30 years old), a substantially younger and less qualified individual from outside the organization.

24.     In addition, throughout 2006 and 2007, Plaintiff continued to apply to higher level positions as intended by Defendant's "I-Grade" program, including the positions of Technical Consultant, Systems Manager, Business Consultant, and other IT Manager positions in various departments. However, despite being substantially qualified for these positions, Defendant never allowed Plaintiff to interview for such roles. On information and belief, substantially all of the positions Plaintiff applied for went to younger candidates.

25.     In contrast to Plaintiff, Plaintiff's similarly situated co-workers, Mark Lola and Doug Rahle, were able to interview and transition into other positions.

26.     Beginning in the second quarter 2007, Defendant asked Plaintiff to participate in a corporate "older workers" focus group. A primary purpose of the program was to encourage

5

employees nearing their retirement to begin to transition their duties to younger employees, with the intention that upon their retirement such duties would be fully assumed by other individuals. Defendant encouraged the participating employees to transition roles quickly, as it would only accept transition programs with a maximum duration of two (2) years.

27.    Consistent with Defendant's teachings from the "older workers" focus group, Plaintiff, who had informed Director of Quality Systems Wilson that he planned on retiring at the age of sixty-two (62), began to instruct and transition younger employees on his duties and responsibilities in his position as Operations Manager.

28.    In a meeting on October 25, 2007, with Director of Quality Systems Wilson and Document Management Program Manager Pierson, Defendant terminated Plaintiff's employment. Although no reason was given for his termination, Wilson did state that he had made the decision to "speed up" Plaintiff's termination, and that the termination was effective immediately.

29.    Following the termination of Plaintiff's employment, on information and belief, Defendant assigned his tasks and responsibilities to the younger employees Plaintiff had been transitioning as part of the "older workers" focus group, including Patricia Pierson and Marcia Pearson.

30.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, fifty-eight (58).

31.    The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff on the basis of his age, fifty-eight (58), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

32.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone

wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD CHARTS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of age;

C. Order Defendant to make whole RICHARD CHARTS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to RICHARD CHARTS;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – ADEA - RETALIATION

33. Paragraphs one (1) through twenty-seven (27) are incorporated by reference as if fully set out herein.

34. Plaintiff met with Laura Hennessy, Human Resources, on October 16, 2007, in order to complain about the harassment and disparate treatment afforded to Plaintiff in comparison to his similarly situated younger co-workers.

7

35.    In response to Plaintiff's complaints, Human Resources Representative Hennessy said Director Wilson had to do what he thought was good for the company.

36.    After seeing no action taken by Defendant to address his concerns, Plaintiff met with Human Resources Representative Hennessy approximately one (1) week later to follow up on the status of his complaints.  In response, Hennessy told Plaintiff that she knew nothing more at that time.

37.    On information and belief, Defendant took no substantive action and undertook no substantive investigation in response to Plaintiff's complaints.

38.    Plaintiff engaged in statutorily protected conduct under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., based on his opposition to and reporting of Defendant's harassing and discriminatory conduct directed against him because of his age.

39.    Rather than address his complaints, in a meeting that same week on October 25, 2007, with Director of Quality Systems Wilson and Document Management Program Manager Pierson, Defendant terminated Plaintiff's employment.  Although no reason was given for his termination, Wilson did state that he had made the decision to "speed up" Plaintiff's termination and that the termination was effective immediately.

40.    On information and belief, similarly situated employees who did not engage in statutorily protected activity were not subjected to the adverse actions directed against Plaintiff.

41.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of age discrimination.

42.    The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment, in violation

8

of the provisions of the ADEA, as amended, 29 U.S.C. § 621 et seq.

43.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RICHARD CHARTS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole RICHARD CHARTS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to RICHARD CHARTS;

E.     Grant Plaintiff actual, consequential, compensatory, liquidated and any other damages the Court may deem appropriate against Defendant;

F.     Grant Plaintiff his attorney fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### **COUNT III – TITLE VII - GENDER DISCRIMINATION**

44.     Paragraphs one (1) through twelve (12) are incorporated by reference as if fully set

9

out herein.

45.      Beginning in 2006 and continuing to the termination of his employment, Defendant has provided female employees more favorable career opportunities and positions.  Examples of such conduct are detailed below.

46.      In approximately the third quarter 2006, Plaintiff applied for an open position of Document Management Program Manager within the QDMS 2.0 project.  Based on his substantial experience, expertise, and thirty (30) years in systems implementation, Plaintiff was highly qualified for the position.

47.      Rather than promote Plaintiff to the position, Defendant promoted Cindy Peterson, a female employee, to the role.  In contrast to Plaintiff, Peterson lacked the necessary skills and experience in the industry, causing her to struggle with the project and eventually leading to a leave of absence of her employment.

48.      Following Cindy Peterson's departure in August 2007, Plaintiff again applied for the open position of Document Management Program Manager.  Once again, rather than promote Plaintiff, an individual with substantial expertise and experience on the project, Defendant hired Patricia Pierson, a substantially less qualified female employee from outside the organization.  In contrast to Plaintiff, who has thirty (30) years experience in technical positions, Pierson only possessed several years of experience in the field, based on her young age of approximately thirty (30) years old.

49.      In a meeting on October 25, 2007, with Director of Quality Systems Wilson and Document Management Program Manager Pierson, Defendant terminated Plaintiff's employment. Although no reason was given for his termination, Wilson did state that he had made the decision to "speed up" Plaintiff's termination and that the termination was effective immediately.

50.    Following the termination of Plaintiff's employment, on information and belief, Defendant assigned his tasks and responsibilities to female employees, including Patricia Pierson and Marcia Pearson.

51.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his gender, male.

52.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his gender, male, in violation of provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

53.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD CHARTS, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of gender;

C.    Order Defendant to make whole RICHARD CHARTS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

11

E.    Order Defendant to pay lost, foregone, and future wages to RICHARD CHARTS;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV – TITLE VII - RETALIATION

54.    Paragraphs one (1) through twelve (12) and forty-five (45) through forty-eight (48) are incorporated by reference as if fully set out herein.

55.    Plaintiff met with Laura Hennessy, Human Resources, on October 16, 2007, in order to complain about the disparate treatment afforded to Plaintiff in comparison to female employees and individuals.

56.    In response to Plaintiff's complaints, Human Resources Representative Hennessy said Director Wilson had to do what he thought was good for the company.

57.    After seeing no action taken by Defendant to address his concerns, Plaintiff met with Human Resources Representative Hennessy approximately one (1) week later to follow up on the status of his complaints. In response, Hennessy told Plaintiff that she knew nothing more at that time.

58.    On information and belief, Defendant took no substantive action and undertook no substantive investigation in response to Plaintiff's complaints.

59.    Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of the disparate treatment afforded to female employees.

60.    Rather than address his complaints, in a meeting that same week on October 25, 2007, with Director of Quality Systems Wilson and Document Management Program Manager Pierson,

Defendant terminated Plaintiff's employment. Although no reason was given for his termination, Wilson did state that he had made the decision to "speed up" Plaintiff's termination and that the termination was effective immediately.

61.     On information and belief, similarly situated employees who did not engage in statutorily protected activity were not subjected to the adverse actions directed against Plaintiff.

62.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

63.     The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

64.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RICHARD CHARTS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole RICHARD CHARTS by providing the affirmative

13

relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to RICHARD CHARTS;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F.     Grant Plaintiff his attorney fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

65.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
RICHARD CHARTS, Plaintiff,


By:_____
        Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

14

**Verification**

I, RICHARD CHARTS, declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2008.

_____
RICHARD CHARTS

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **CERTIFIED MAIL NO: 7099-3400-0018-8813-1985 CP ATTY.**

**Richard Charts**
**780 Oak Spring Lane**
**Libertyville, IL 60048**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2800**
**Chicago, IL 60661**

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-00967 | **Sylvia Bustos,**<br>**Investigator Support Asst** | **(312) 353-8783** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_John P. Rowe (ps)_    11/28/07
**John P. Rowe,**
**District Director**    (Date Mailed)

cc:    **ABBOTT LABORATORIES**

NOV 2 9 2007